USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2021

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br>*Plaintiff* <br><br> v. <br><br> ANIME CARDS STORE, ATSELL STORE, BANDAITOMY STORE, BEYON STORE, CAPITAL INDUSTRIAL LIMITED, CARD GAME TOY STORE, DEFORMATION WORLD STORE, DINOSAURMODEL TOY STORE, DONGGUAN LING GAN GRAPHIC DESIGN CO., LTD., EVERYTHING STORE, GUANGXI WOONCAI TRADING CO., LTD., GUANGZHOU YINGNISI TRADING CO., LTD., GUANGZHOU YUHUA PLAYING CARDS CO., LTD., HONGYUE TOY STORE STORE, HUIZHOU DANCHEN INDUSTRIAL CO., LTD., HUNAN LOUDI BOSERA TRADING CO., LTD., JANEMEMORY STORE, JIANGSU HONGYUAN PAPER PRODUCTS CO., LTD., KIDS INTEREST STORE, MAGICTOYWORLD STORE, MODEL CITY STORE, MUFUAZ STORE, PRESTIJ HOMES STORE, SHANDONG GREEN INTERNATIONAL TRADE CO., LTD., SHANTOU CHENGHAI WEIFAN TOYS FACTORY, SHAOXING HUAGU IMP. & EXP. CO., LTD., SHENGZHOU KAILE RECREATION CO., LTD., SHENZHEN SHENGKEN | 21-cv-1508 (VEC) <br><br> [PROPOSED] <br> FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER FOR DEFENDANT SHOPPOKEMON STORE |

TECHNOLOGY CO., LTD., SHOP5440279 STORE, SHOP900242407 STORE, SHOP900245403 STORE, SHOP910716127 STORE, SHOP910719071 STORE, SHOP910905040 STORE, SHOP911134294 STORE, SHOPPOKEMON STORE, SI MI DA DANG 001 STORE, SIRMAK GLOBAL STORE, THE ROAD TO HAPPINESS STORE, THE TOY STORE, TOMY TOY STORE, USEFUL INTERESTING STORE, WENZHOU KAIWO CRAFT & GIFT CO., LTD., WENZHOU SHANJIA HANDICRAFT CO., LTD., WUXI XINFDA INTERNATIONAL CORP., XIAMEN HONGJU PRINTING INDUSTRY & TRADE CO., LTD., XIAMEN NATRUAL PACKING INDUSTRIAL LTD, XIAMEN YICHENFENG INDUSTRY & TRADE CO., LTD., XIANG HE TOY STORE, YANGZHOU JUMBAY INTERNATIONAL TRADING CO., LTD., YICLL YICNN STORE and ZHEJIANG G STAR TRADING LIMITED,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | Anime Cards Store, Atsell Store, BandaiTomy Store, BEYON Store, Capital Industrial Limited, Card Game Toy Store, Deformation world Store, DinosaurModel Toy Store, Dongguan Ling Gan Graphic Design Co., Ltd., Everything Store, Guangxi Wooncai Trading Co., Ltd., Guangzhou Yingnisi Trading Co., Ltd., Guangzhou Yuhua Playing Cards Co., Ltd., Hongyue Toy Store Store, Huizhou Danchen Industrial Co., Ltd., Hunan Loudi Bosera Trading Co., Ltd., JaneMemory Store, Jiangsu Hongyuan Paper Products Co., Ltd., Kids interest Store, MagicToyWorld Store, Model City Store, Mufuaz Store, PRESTIJ HOMES Store, Shandong Green International Trade Co., Ltd., Shantou Chenghai Weifan Toys Factory, Shaoxing Huagu Imp. & Exp. Co., Ltd., Shengzhou Kaile Recreation Co., Ltd., Shenzhen Shengken Technology Co., Ltd., Shop5440279 Store, Shop900242407 Store, Shop900245403 Store, Shop910716127 Store, Shop910719071 Store, Shop910905040 Store, Shop911134294 Store, ShopPOKEMON Store, SI MI DA DANG 001 Store, Sirmak Global Store, The road to happiness Store, The Toy Store, TOMY TOY Store, Useful Interesting Store, Wenzhou Kaiwo Craft & Gift Co., Ltd., Wenzhou Shanjia Handicraft Co., Ltd., Wuxi Xinfda International Corp., Xiamen Hongju Printing Industry & Trade Co., Ltd., Xiamen Natrual Packing Industrial Ltd, Xiamen Yichenfeng Industry & Trade Co., Ltd., Xiang He Toy Store, Yangzhou Jumbay International Trading Co., Ltd., yicll yicnn Store and Zhejiang G Star Trading Limited | N/A |
| **Defaulting Defendant** | ShopPOKEMON Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China | N/A |

i

| | | |
|---|---|---|
| | directly to consumers across the world and specifically to consumers residing in the U.S., including New York | |
| **Sealing Order** | Order to Seal File entered on February 17, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on February 19, 2021 | Dkt. 8 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 19, 2021 | Dkts. 12-14, 16 |
| **Adler Dec.** | Declaration of Ray Adler in Support of Plaintiff's Application | Dkt. 14 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on February 19, 2021 | N/A |
| **PI Show Cause Hearing** | March 19, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | March 19, 2021 Preliminary Injunction Order | Dkt. 6 |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **UNO Products** | Card games sold under the UNO brand, including the classic UNO game, UNO Attach, UNO Wild Jackpot, UNO MOD and more, including themed card decks | N/A |

| | | |
|---|---|---|
| **UNO Marks** | U.S. Trademark Registration Nos.: 1,005,397 for "UNO" for goods in Class 28; 5,125,593 for "UNO" for goods in Class 9; and 5,618,477 for "DOS" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the UNO Marks, and/or products in packaging and/or containing labels bearing the UNO Marks, and/or bearing or used in connection with marks that are confusingly similar to the UNO Marks and/or products that are identical or confusingly similar to the UNO Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendant filed on August 16, 2021 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default as to Defendant ShopPOKEMON Store ("Defaulting Defendant") for Defaulting Defendant's trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendant's unauthorized use of Plaintiff's UNO Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendant's Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendant in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.00) in statutory damages against Defaulting Defendant pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act and post-judgment interest ("Defaulting Defendant's Individual Damages Award");

### III.     Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendant (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks;

   B. directly or indirectly infringing in any manner any of Plaintiff's UNO Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's UNO Marks to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's UNO Marks, or any other marks that are confusingly similar to the UNO Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendant and Defaulting Defendant's commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendant's User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendant's Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendant and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendant must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendant that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the UNO Marks, or bear any marks that are confusingly similar to the UNO Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendant's Frozen Assets from or to Defaulting Defendant's Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendant's Frozen Assets and Defaulting Defendant's Financial Accounts;

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendant and Defaulting Defendant's User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendant's User Accounts and Merchant Storefronts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV. <u>Dissolution of Rule 62(a) Stay</u>

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. <u>Miscellaneous Relief</u>

2) Defaulting Defendant may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendant's Frozen Assets, Defaulting Defendant's Additional Assets and/or Defaulting Defendant's Additional Financial Accounts;

3) Any failure by Defaulting Defendant to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2021, at _____ __.m.

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE    9/7/2021